# ESTATE OF LEVI KNAUB, DECEASED.

APPEALS BY JOHN KNAUB ET AL. FROM THE ORPHANS' COURT OF YORK COUNTY.

Argued May 22, 1891—Decided October 5, 1891.

(a) A testator, leaving two sons and a married daughter to survive him, devised to one son a farm " at $2,650," and to the other a farm " at $5,000," with cross-remainders on the death of either without issue. To his daughter and her husband, each, he bequeathed the sum of five dollars, " for their full share : "

1. There being no direction that the devisees of the farms should pay the sums at which they were valued, no personal obligation was imposed upon them on acceptance ; nor were said sums charged upon the devises, expressly or by implication, so as to raise a fund undisposed of by the will in which the daughter could share.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

Nos. 5, 6 July Term 1891, Sup. Ct.; court below, number
and term not shown.

In January, 1891, Rosanna Myers presented her petition set-
ting forth that Levi Knaub, her father, died on October 25,
1888, leaving a will dated February 20, 1874, with a codicil
thereto dated February 26, 1878, duly admitted to probate,
a copy of which will and codicil was attached to the petition;
that Mary Knaub, the wife of the testator, died a short time
before the testator, and that the testator left to survive him
as his heirs at law John Knaub and Levi Knaub, mentioned in
said will as devisees, and an only daughter, the petitioner, in-
termarried with John Myers; that the testator died seised of two
farms, and by his said will devised one of said farms to his son
John at the sum of $2,650, and the other to his son Levi at the
sum of $5,000; that the said John and Levi Knaub accepted
the devises made to them respectively, and continued in pos-
session thereof to the exclusion of the petitioner; that the
above stated sums, as the petitioner was advised, were charged
upon the respective farms so given, and were undisposed of by
the said will; praying that the court order and decree that John
Knaub, to whom the one farm was devised at the sum of $2,650,
pay to the petitioner the one third of said sum, with interest
from October 25, 1888, and that Levi Knaub, the divisee of the
other farm at $5,000, pay to the petitioner the one third of said
sum, with like interest; and for further relief.

The will of the testator, exhibited with the foregoing petition,
provided as follows:

" First. I give and bequeat unto my beloved son John Knaub
the farm where he now Resides at twenty six hundred and fifty
dollars with Intrest as long as his mother lives and after her
death the one half of the Intrest aforesaid are to go to Levi
& the other half to John.

" Secont. I Give devise and bequeath unto my beloved wife
Mary Knaub the farm where we now Reside with all the stock
and all the farming Impliments belonging thereto but She is
not alowed to sell anything except life stock if she should Get
too much and if any money is left at any time after keeping
up all necessary Repairs it shall be put on Interest for her youse.

"Third. I give devise and bequest unt my beloved Son Levi the farm where I now ·Reside not till after the deeseese of mother at five thousand Dollar and my wife Mary Knaub is to have and hold said farm and everything belonging thereto During her Nauterel life.

"Fourth. If any of my sons John or levi Knaub should die without leaving any Isue then his share shall go to his brother. ·

"Fifth. I give and bequeath unto my much beloved daughter Rosina five dollars and her husband John Myer five Dollar, for there full share and each of her said Roseaner her Children twnty five dollars each which is not to be paid to them till after the death her said Roseaner Myer, Mother, Mary Knaub, Decd.

"I do nominate Constitue and appoint my wife Mary Knaub and my son John Knaub Sole Executors of this my last will and testament hereby Revoking and Making Void all and every other Will or Wills at any time heretofore by me made, and do declar this to be my last Will and testament.

"In witness whereof I the said levi knaub have hereunto set my hand and seal this 20th day of February A D 1874

"I Levi Knaub, do make this codicil to be taken as part of my foregoing last will and testament, as follow, that is to say : It is my true intent and meaning that the farm on which I now reside, bequeathed to my said wife, and all farming implements and live stock, in part second of my said will, shall be held and enjoyed by my said wife, Mary Knaub, for and during her natural life, or so long only as she shall remain my widow, should she again marry, and further it is my true intent and meaning that the interest on the twenty six hundred and fifty dollars mentioned in the first part of my said Will, shall remain unpaid and accrue until the death of my said wife, Mary Knaub, or her remarriage, when the one half of such accrued interest shall be paid by my said son John to my son Levi, in consideration of his having possession and enjoyment of his said farm.

"In witness whereof I have hereunto set my hand and seal this twenty sixth of February A D 1878 "

To a rule to show cause issued, the respondents filed a joint answer which, so far as material, denied that the petitioner had shown by her petition any such interest as gave the court jurisdiction of the subject matter thereof; averred that by the fifth paragraph of said will, the petitioner's legacy and full

share was but five dollars, payable out of the personal estate of the testator, more than sufficient to pay the same; denied that any legacy whatever in favor of said petitioner was charged upon the real estate of the testator; averred that on June 2, 1890, John Knaub, surviving executor of said will, filed his account of the personal estate of the testator, showing a balance in his hands of $1,570.13, which account was confirmed nisi, and that in due time the petitioner filed exceptions thereto, alleging that the accountant had not charged himself with the said sums, $5,000 and $2,650, mentioned in said will, and the proceedings in settlement of said account were yet pending and undetermined; denied that either of the respondents had accepted the farms devised, upon the terms and under the circumstances set forth in said petition; and denied the right of the petitioner to proceed against the respondents jointly as she had undertaken to do; praying judgment.

After argument of the cause, set down for hearing on petition and answer, the court BITTENGER, J., on March 28, 1891, filed an opinion as follows:

This is a proceeding under § 59, act of February 24, 1834, P. L. 84, by Rosanna Myers, a daughter and heir at law of Levi Knaub, deceased, against John Knaub and Levi Knaub, the devisees of the real estate of said Levi Knaub deceased, to obtain a decree against each of said devisees, for the portion of the money charged on said real estate, claimed to be payable to her as an heir at law of said Levi Knaub, deceased.

The will of said Levi Knaub, so far as the same is pertinent to this investigation, is as follows: . . . . .

John Knaub was appointed executor of the will.

In a codicil he limits the enjoyment by the widow Mary Knaub of his bequest, to her widowhood, and provides that the interest on the $2,650 mentioned in the first part of the will, shall remain unpaid until the death or re-marriage of Mary Knaub, when half of the accrued interest shall be paid by John Knaub to Levi Knaub, in consideration of John having possession of his said farm.

The said Mary Knaub died before the testator, and he left to survive him the children named in his will, viz., John Knaub, Levi Knaub, and Rosanna Myers. After the death of

Opinion of Court below.

the father, John Knaub and Levi Knaub, the devisees of the real estate of the testator, took possession of the farms devised to them, respectively, in the will, and have since occupied said farms respectively, to the exclusion of their sister Rosanna Myers. The personal property of the testator was more than sufficient to pay the debts and legacies given by the will.

The respondents, John Knaub and Levi Knaub, in a joint and several answer filed, deny the jurisdiction of the court and also the right of the petitioner to proceed against them jointly, as she has undertaken to do in this proceeding. A separate petition against each of the respondents, with a prayer for the decree asked against each of them, would certainly have been more orderly, and in consonance with our views of the requirements of the act. This is, however, an equitable proceeding in the Orphans' Court, and inasmuch as the parties have filed their answers and are before the court, we do not feel required to dismiss the petition as multifarious, but will decide the application upon its merits, as affected and governed by the law applicable to the case, regardless of any informality.

The respondents plead as a bar to the proceedings, first, that there are no legacies charged on their lands; second, that Rosanna Myers is not a legatee of any moneys charged on the land of either of the respondents, nor occupies the position of a legatee under the provisions of the act of assembly under which this proceeding is instituted.

In construing the will we must endeavor to arrive at the intention of the testator, from the words of the will: Hancock's App., 112 Pa. 532. "The search is confined to his language, but its object is still his meaning:" Woelpper's App., 126 Pa. 572.

The purchase money of the farms devised, respectively, to the respondents, is not specifically charged upon the lands, but such charges may be created by implication: Ripple v. Ripple, 1 R. 390. There is no devise of the moneys stated as the consideration of the farms in the will, and in this respect this case differs from the cases of Hamilton v. Porter, 63 Pa. 332; Walter's App., 95 Pa. 305; Cable's App., 91 Pa. 327; Buchanan's App., 72 Pa. 448, and others, cited by counsel for respondents. It is decided in these cases, and others, that lands devised with directions to pay legacies, are not subject to charge. The in-

tention of the testator to charge the lands must be apparent in the will.

As to the moneys mentioned in the will of the testator, Levi Knaub, he clearly died intestate. These moneys, under the decisions, cannot be held to have sunk for the benefit of the devisees.

The case under consideration differs from Hart v. Homiller, 23 Pa. 39, only in two respects, viz.: In that case the price of the land was to be fixed by appraisers, and the land devised at such valuation ; second, by the will of Henry Homiller his real and personal estate, not disposed of by the will after the death or marriage of the widow, was devised to his six children. In the will of John Knaub, the testator fixes the valuation of the farms himself, and there is no residuary clause in the will. It is held in Hart v. Homiller, that " where land is devised at a valuation or price to be paid by the devisees, the title passes subject to the charge or lien for the price, if the devise be accepted." " This proposition is so plainly a mere repetition and application," says Lowrie J., " of all transfers of title, it is hard to see how a different view could be thought of, except where the search after analogous precedents has diverted the mind from the direct principles of the case."

This case has never been overruled or questioned, so far as we can discover. It is recognized and followed in Gilbert's App., 85 Pa. 347 ; and upon its authority we are of opinion, that the moneys mentioned in the will as the valuation of the respective farms willed to John Knaub and Levi Knaub respectively, are charged upon the same.

The case of Sheaffer's App., 8 Pa. 38, decides that moneys of this character, charged upon the land, of which fund the testator dies intestate, may be recovered by his heir at law, under the provisions of the act under which these proceedings are had. Speaking of the act of 1834, the court says : " It is a highly remedial act, and is to be liberally expounded in furtherance of a remedy without which our courts would be in a measure powerless to afford adequate redress in many cases." After quoting largely from the established decisions, the court adds : " This proceeding is therefore within the provisions of our statute, which contemplates the application of the equitable remedy. In truth we should unnecessarily narrow the

construction already put upon the act, if we did not hold the Orphans' Court possesses jurisdiction, where a pecuniary interest, created by a last will and partaking of the character of a gift, is payable out of land in the hands of a devisee or his alienee."

From these conclusions, it follows that the petitioner is entitled to the decree prayed for, unless she is excluded by the will of her father. " The heir is not to be disinherited by anything less than a clearly apparent intention to pass the estate in another line of succession : " Cowles v. Cowles, 53 Pa. 175-6. Judge Brewster, in his able argument in Hancock's App., 112 Pa. 532, cites an array of authorities which establish the position that, "no matter how comprehensive and express a clause of exclusion in a will may be, against an heir at law, and no matter how anxious judges may be to give effect to the intention to exclude him, bound by settled rules of construction they cannot prevent him from sharing in any property not disposed of by the will. He can only be disinherited by express devise, or necessary implication, and such necessary implication cannot arise unless there be an actual gift to some other definite object, with a clear intent to pass the estate into another line of succession." The reasoning of the court, in the same case, fully sustains this view.

Adopting the well established rules of construction, and applying them to the will before us, we are constrained to understand the bequest of five dollars to his daughter, Rosanna Myers, the petitioner, in full of her share, as applying only to the personal estate distributable before the death of her mother, the testator's widow. There could have been no intention to exclude her from participation in the portion of his estate he did not devise or bequeath, viz., the moneys mentioned in the will as the valuation of the farms, and of which he died intestate. The will cannot be construed to mean that the petitioner, his daughter, should be excluded from participation in that portion of his estate he left to be distributed according to the intestate laws. In the language of WOODWARD, J., in Hitchcock v. Hitchcock, 35 Pa. 400, "Here we have no devise of that part of the estate in question in this suit; no conveyance of it, no debts created to control its distribution. Then the heirs at law succeed to it."

Arguments.

The decree must be that each of the respondents pay the petitioner one third of the valuation money of his respective tract devised to him and accepted under the will, and a charge on the same ; and that in default thereof, said lands be sold by levari facias for the payment thereof.

—Separate final decrees having been entered ordering John Knaub to pay to the petitioner the sum of $883.33, with interest from October 25, 1888, with costs, and that Levi Knaub pay to her the sum of $1,666.66 with interest and costs, payment if not made within one month to be enforced by writ of levari facias, the respondents took separate appeals, each specifying that the court erred :

3, 4. In deciding that the sums, $2,650 and $5,000, or any parts of them, were charged upon said farms, respectively, by the terms of the will ; and in decreeing payment of the amounts claimed by the petitioner to be enforced by levari facias.

5. In deciding that the petitioner was entitled to anything more than her legacy of five dollars "for her full share" out of her father's estate.

*Mr. P. J. M. Heindel* and *Mr. H. L. Fisher* (with them *Mr. Levi Maish*), for the appellants.

That there was no charge upon the farms devised, in favor of the petitioner, counsel cited: Hamilton v. Porter, 63 Pa. 332 ; Brandt's App., 8 W. 203 ; Miltenberger v. Schlegel, 7 Pa. 242 ; Montgomery v. McElroy, 3 W. & S. 370 ; Dewitt v. Eldred, 4 W. & S. 414 ; Wright's App., 12 Pa. 258 ; Okeson's App., 59 Pa. 100 ; South Mahoning Tp. v. Marshall, 138 Pa. 570.

*Mr. A. C. Fulton*, for the appellee.

Counsel cited: Hart v. Homiller, 23 Pa. 39 ; Lobach's Case, 6 W. 171 ; Hoover v. Hoover, 5 Pa. 351 ; Gilbert's App., 85 Pa. 347 ; Fishburn's App., 10 W. N. 490 ; Buchanan's App., 72 Pa. 450 ; Cable's App., 91 Pa. 327 ; Sheaffer's App., 8 Pa. 38 ; Bender v. Dietrick, 7 W. & S. 284 ; Hancock's App., 112 Pa. 532 ; Hitchcock v. Hitchcock, 35 Pa. 400 ; Dunlap's App., 116 Pa. 500 ; Cowles v. Cowles, 53 Pa. 175 ; Rupp v. Eberly, 79 Pa. 145.

### NO. 5.

OPINION, Mr. JUSTICE WILLIAMS:

The facts of this case appear in the petition and answer, and they present a question of construction arising on the will of Levi Knaub. When the testator executed the will, his family consisted of his wife, two sons, and one daughter. His property was composed of two farms, farming tools, live-stock, and household goods. He disposed of his property among the members of his family as follows: To his wife he gave a life-estate in the farm on which they resided, and in all his personal estate; to his son Levi he gave the same farm in fee, subject to the life-estate already created, "at $5,000," with remainder over to John in case Levi should die leaving no issue. To his son John he gave the other farm "at $2,650," with remainder over to Levi in case John should die leaving no issue. To his daughter and her husband he gave five dollars "in full of their share." There was no further disposition of the personal property. The wife died in the lifetime of her husband, so that the provision for her never took effect. The farm went directly to Levi, and the personal estate to the executor, for distribution under the intestate laws. The daughter now contends, and the court below held, that the values put by the testator on the farms devised to his sons, are charged upon them by the terms of the will, and constitute a part of the personal estate, and that she is entitled, as an heir at law of her father, to one third of said sums. The questions thus raised are whether the will does charge these farms in the hands of the respective devisees with the payment of the prices at which they were valued; and, if so, whether Rosanna Myers is entitled to share in the fund.

It is well settled that, to sustain a charge upon lands, the intention of the testator to create such charge must appear by express words, or by necessary implication arising on the face of the will: Hackadorn's App., 11 Pa. 86. It is not pretended that there are any express words in this will showing the purpose of the testator to subject these farms to the payment of their values to his executor or administrator, and we are unable to find any provision from which such a purpose may be gathered by necessary implication. The testator states the value of each farm, but he does not direct its payment or make any disposition of it. He does not appear to aim at equality

among his children, nor to attempt more that an approximation towards it between his sons. The bequest to his daughter and her husband he expressly declares to be " in full of their share." So far from providing a fund by means of which an equal division can be secured, the testator fixes her share in the property disposed of by the will at a nominal sum, and then, to exclude the idea of a further division, declares that this sum is to be "in full of their share." It may be that this does not exclude her from her share of the property as to which her father died intestate. That question is not raised on this record, and we need not consider it, though much the same question was raised and decided in Hitchcock v. Hitchcock, 35 Pa. 393. But " her share " in the real estate devised to her brothers was extinguished by the terms of the will, and five dollars to herself and the like sum to her husband put in lieu of it, and " in full " of her claim upon or " share " in it.

The testator intended to give his farms to his sons; the better one to Levi, subject to the life-estate in his mother; the other one to John, who was already in possession of it. We are not to give a reason for his adopting this method of division rather than some other, but to ascertain his intention as expressed in the several provisions of his will. This was to vest in his sons a title in fee-simple to the farms devised to them, respectively, with cross-remainders, in case of the death of either leaving no issue. The valuation put upon each shows what the testator thought the value of the gift to each son to be. It is not a charge on the land. There is no personal obligation created by it, and there is no fund, of the sort alleged, for distribution. This disposes of the case, and renders it unnecessary to consider the other question suggested.

> The decree is reversed, and the petition dismissed, at the costs of the appellee.

### NO. 6.

OPINION, MR. JUSTICE WILLIAMS:

This appeal was taken from the decree just considered in the appeal of Levi Knaub. It involves the same question. For the reasons given in the opinion in that case,

> The decree of the court below is reversed, and the petition of Rosanna Myers is dismissed; the costs to be paid by the appellee.